IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LOCKHART, | No. C 10-5220 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MICHAEL GIAMALVO; R. BETZ; RUI MARQUES, et al., | |
| Defendants. | |

**INTRODUCTION**

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by an inmate at the Alameda County Jail. He has been granted leave to proceed in forma pauperis in a separate order.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff contends that three Alameda County Sheriff's Deputies have fabricated evidence against him, falsely arrested him, and participated in a malicious prosecution against him.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Ibid.* If plaintiff's claims of false

2

1  arrest, fabricated evidence and malicious prosecution are proven true, this would call into
2  question the validity of his conviction, sentence and continued incarceration. Therefore, any
3  claims for money damages are barred by *Heck*.
4      Plaintiff also seeks to be released from custody based upon his claims against
5  defendants. Such a form of relief may only be obtained in federal court by way of a petition for
6  a writ of habeas corpus under 28 U.S.C. 2254, not a civil rights complaint under 42 U.S.C.
7  1983. *See Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) (challenges implicating the
8  fact or duration of confinement must be brought in a habeas petition).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November   29  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\LOCKHART5220.DSM.wpd

3